UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                                                  Chapter 11 Case

SOUTHEASTERN CONSULTING &                    CASE NO.:  11-40398-KKS
DEVELOPMENT, INC., a Florida
corporation,

     Debtor.
_____/

**DEBTOR'S MOTION TO APPROVE SETTLEMENT BY AND BETWEEN
DEBTOR AND AUBURN WATER SYSTEM, INC.**

> **NOTICE OF OPPORTUNITY TO
> OBJECT AND FOR HEARING**
>
> Pursuant to Local Rule 2002-2, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date of service of this paper.  If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court, 110 E. Park Avenue, Tallahassee, FL 32301, and serve a copy on the movant's attorney, Brian G. Rich, Esq., Berger Singerman LLP, 125 South Gadsden Street, Suite 300, Tallahassee, FL 32301.
>
> If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, and will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Debtor, Southeastern Consulting & Development Co., Inc. (the "Debtor"), by and through undersigned counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, hereby moves (the "Motion") for entry of an order approving the compromise and

4928409-1

settlement (the "Settlement") reached between the Debtor and Auburn Water System, Inc., and states:

### I. Background

1. On May 17, 2011 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor operates as a developer of master planned and subdivided residential communities as well as commercial property. The Debtor's operations have historically been centered in the Emerald Cost markets of Bay, Santa Rosa, and Okaloosa Counties, Florida.

3. The Debtor owns all of the 125 Phase II lots of Heritage Plantation (the "Phase II Lots"), which the Debtor wishes to sell as part of its Plan of Reorganization (the "Plan").

4. The Debtor is unable to sell the Phase II Lots without, among other things, potable water service (the "Water Service"). The Debtor has constructed within the rights of way of Heritage Plantation the underground infrastructure to provide potable water service connections to the Phase II Lots, the cost of which shall be evidenced by an Engineer's Report acceptable to Auburn Water Systems, Inc. ("Auburn") (the "Infrastructure").

5. Auburn desires to accept the Infrastructure from the Debtor, provided the following conditions are met:

    a. The Debtor has in place with Auburn a maintenance bond in the amount of twenty-five percent (25%) of the cost of the Infrastructure ("Maintenance Bond"), and

    b. The Debtor has first corrected any and all deficiencies as identified by Auburn in a field survey of the Infrastructure, which field survey shall be completed within 21 days of the execution of the Agreement (as defined below). A written copy of the field survey report identifying all deficiencies, if any, will be provided to the Debtor upon completion.

   c. The Debtor has conveyed to Auburn all right, title and interest to the Infrastructure (the "Asset Transfer").

## II. Relief Requested

6. The Debtor and Auburn, have entered into a *Settlement Agreement* (the "Agreement") dated as of April 9, 2013 (the "Effective Date"). A copy of the Agreement is attached hereto as **Exhibit "A"** and is subject to the approval of this Court, after notice to creditors and interested parties.

7. As set forth in the Agreement, the Debtor and Auburn specifically agree as follows:

   a. Upon the "Plan Effective Date" of the Plan, the Debtor shall execute:

     (i) any and all such documents that are required by Auburn to complete the Asset Transfer (the "Conveyance Documents"), provided that the Conveyance Documents shall be held by Auburn's designee and Auburn shall not be required to accept the Asset Transfer until such time as the Maintenance Bond is in place; and

     (ii) a promissory note in an amount equal to the Maintenance Bond (the "Note"), subject to the following terms of the Notice:

      (a) The "Note Amount" shall be the amount of the Maintenance Bond;

      (b) The Note shall be paid in equal installments without interest thereupon into the trust account of the Debtor's attorney, over the ninety (90) days following the Plan Effective Date (the "Note Term");

      (c) At such time as the Note Amount is accumulated by the Debtor's counsel on or before the end of the Note Term, the Note Amount shall be placed in a

certificate of deposit in a financial institution of the Debtor's choice ("CD"), and the CD shall be collateral for the Maintenance Bond; and

      (d)  The Debtor may cancel the CD upon the cancellation and release of the Maintenance Bond, which cancellation and release shall be granted by Auburn only upon the Debtor's full compliance with Auburn's policies and procedures regarding Maintenance Bonds in effect at the time evidence of the Maintenance Bond is delivered to Auburn.

  8.  In addition to the terms set forth above, Auburn has agreed to support the Plan that contains the material terms of the Agreement.

### III.  Basis for Requested Relief

  9.  Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that, after notice and a hearing, a court may approve a proposed settlement of a claim. The decision of whether or not to approve a compromise is within the sound discretion of the court. *In re Carson*, 82 B.R. 847 (Bankr. S.D. Ohio 1987); *In re Mobile Air Drilling Co.*, 53 B.R. 605 (Bankr. N.D. Ohio 1985).

  10.  In passing on proposed settlements, the standard that courts applied under the former Bankruptcy Act is the same standard as courts should apply under the Bankruptcy Code. *In re Carla Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984). As stated by the United States Supreme Court in *Protective Committee v. Anderson*, 300 U.S. 414 (1968), under the Act, to approve a proposed settlement, a court must find that the settlement was "fair and equitable" based on an educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and

all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *Protective Committee*, 300 U.S. at 424.

11. This test was adopted by the Eleventh Circuit in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), which provides additional guidance as to whether a compromise should be approved. *Justice Oaks* established a four-part test for approval:

    (a) The probability of success in litigation;

    (b) The difficulties, if any, to be encountered in the matter of collection;

    (c) The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

    (d) The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.*

12. The proposed settlement satisfies the *Justice Oaks* standard. The Debtor believes that the Agreement is in the best interests of the Debtor's estate.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

    (i) granting this Motion;

    (ii) approving the Agreement upon the terms set forth therein, and; and

    (iii) granting such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the forgoing was served on this 2nd day of May, 2013, via electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List, and via first class, U.S. Mail upon all parties listed

below, and on the attached Court Matrix, to the extent that such parties were not already served electronically through the Court's CM/ECF system.

                    Respectfully submitted,

                    BERGER SINGERMAN LLP
                    *Counsel for Debtor*
                    125 South Gadsden Street, Suite 300
                    Tallahassee, FL 32301
                    Telephone:  (850) 561-3010
                    Facsimile:  (850) 561-3013

                    By:  */s/ Brian G. Rich*
                          Brian G. Rich
                          Florida Bar No. 38229
                          brich@bergersingerman.com

Auburn Water System, Inc.
Attn.: Donald Cadenhead, President
3097 Locke Lane
Crestview, FL 32536

**CM/ECF SERVICE LIST**

Robert A. Soriano, Esq.
Greenberg Traurig, P.A.
625 East Twiggs Street, Suite 100
Tampa, FL 33602
sorianor@gtlaw.com

Jonathan T. Holloway, Esq.
369 N. Main Street
Crestview, FL 32536
jholloway@okaloosalaw.com

Philip Alan Bates, Esq.
Philip A. Bates, P.A.
P. O. Box 1390
Pensacola, FL 32591-1390
philipbates@bellsouth.net

Ralph Hamilton Schofield, Jr.
2113 Lewis Turner Boulevard
Suite 100
Fort Walton Beach, FL 32547
rschofield@kaglawfirm.com

Elba N. Serrano-Torres
Williams Gautier
P.O. Box 4128
Tallahassee, FL 32315-4128
bk@wggdlaw.com

Ronald B. Lewis, Esq.
Bearden Lewis & Thomas
445 East Palmetto Park Road
Boca Raton, FL 33432
rlewis@beltlawyers.com

Mark D. Hildreth, Esq.
Shumaker Loop & Kendrick, LLP
P.O. Box 49948
Sarasota, FL 34230-6948
mhildreth@slk-law.com

Sarah St. John Walton
Philip A. Bates, P.A.
P.O. Box 1390
Pensacola, FL 32591-1390
swalton@philipbates.net

Keith L. Bell, Jr., Esq.
Clark, Partington, Hart, et al.
106 East College Avenue, Suite 600
Tallahassee, FL 32301
kbell@cphlaw.com

William E. Bond, Jr., Esq.
Clark, Partington, Hart, et al.
P.O. Box 13010
Pensacola, FL 32591-3010
wbond@cphlaw.com

Robert James Powell, Esq,
Clark Partington Hart
P.O. Box 13010
Pensacola, FL 32591-3010
rpowell@cphlaw.com

Marc P. Solomon, Esq.
Burr and Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
msolomon@burr.com

Jason H. Egan, Esq.
Office of the U.S. Trustee
110 E. Park Avenue, Suite 128
Tallahassee, FL 32301
jason.h.egan@usdoj.gov

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1129-4<br>Case 11-40398-KKS<br>Northern District of Florida<br>Tallahassee<br>Thu May  2 15:48:46 EDT 2013 | Berger Singerman, P.A.<br>125 South Gadsden Street<br>Suite 300<br>Tallahassee, FL 32301-1589 | Branch Banking and Trust Company<br>c/o Greenberg Traurig, P.A.<br>Attn: Robert Soriano<br>625 E. Twiggs Street, Suite 100<br>Tampa, FL 33602-3925 |
| Florida Dept. of Labor/Employment Security<br>c/o Florida Dept. of Revenue<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | HP LAND, LLC<br>369 N. Main Street<br>Crestview, FL 32536-3541 |
| Heritage FFH, LLC<br>c/o Philip A. Bates, P.A.<br>25 W. Cedar Street<br>Pensacola, FL 32502-5975 | Heritage FFR, LLC<br>c/o Keefe, Anchors & Gordon, P.A.<br>2113 Lewis Turner Blvd.<br>Suite 100<br>Fort Walton Beach, FL 32547-1379 | Heritage Plantation Community Development Di<br>c/o Bearden Lewis & Thomas<br>Ronald B. Lewis<br>445 East Palmetto Park Rd<br>Boca Raton, FL 33432-5017 |
| Hill Ward Henderson, P.A.<br>Hill Ward Henderson, P.A.<br>101 E. Kennedy Blvd<br>Ste 3700<br>Tampa, FL 33602-5156 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Louis S. Weltman<br>c/o Elba N. Serrano-Torres<br>P.O. Box 4128<br>Tallahassee, FL 32315-4128 |
| Luca 2, LLC<br>Shumaker Loop & Kendrick, LLP<br>c/o Mark D. Hildreth<br>PO Box 49948<br>Sarasota, FL 34230-6948 US | Okaloosa County Tax Collector<br>Okaloosa County Tax Collector<br>73 Eglin Pkwy N.E., Suite 111<br>Ft. Walton Beach, FL 32548-4939 | Phoenix Realty Partners, Inc.<br>c/o Elba N. Serrano-Torres<br>P.O. Box 4128<br>Tallahassee, FL 32315-4128 |
| Secretary of the Treasury<br>U.S. Treasury Department<br>15th & Pennsylvania Ave.<br>Washington, DC 20220-0001 | Southeastern Consulting & Development Compan<br>6615 W. Boyton Beach Blvd<br>Suite 396<br>Boyton Beach, FL 33437-3526 | Sportailor, Inc.<br>Attn: Terry Parilla<br>6501  NE  2nd Court<br>Miami, FL 33138-6093 |
| Trustmark National Bank<br>c/o Keith L. Bell, Jr., Esquire<br>Post Office Box 13010<br>Pensacola, FL 32591-3010 | U.S. Attorney (Tallahassee Office)<br>111 N. Adams Street<br>Fourth Floor<br>Tallahassee, FL 32301-7736 | U.S. Bank N.A. as Indenture Trustee<br>c/o Burr & Forman LLP<br>Marc Solomon<br>420 N 20th St, Ste 3400<br>Birmingham, AL 35203-5210 |
| (p)U S SECURITIES AND EXCHANGE COMMISSION<br>ATLANTA REG OFFICE AND REORG<br>950 E PACES FERRY RD NE STE 900<br>ATLANTA GA 30326-1382 | United States Trustee<br>110 E. Park Avenue<br> Suite 128<br>Tallahassee, FL 32301-7728 | Water Reclaimation of NWF, LLC<br>c/o Elba N. Serrano-Torres<br>P.O. Box 4128<br>Tallahassee, FL 32315-4128 |
| *Bill Salter Advertising, Inc.<br>PO Box 761<br>Milton, FL 32572-0761 | *First Florida Bank<br>PO Box 128<br>Destin, FL 32540-0128 | *Harrell's<br>PO Box 402927<br>Atlanta, GA 30384-2927 |
| *Heritage FFH, LLC<br>c/o Philip A. Bates<br>P O Box 1390<br>Pensacola, FL 32591-1390 | *Heritage Plantation CDD<br>3434 Colwell Ave.<br>Suite 200<br>Tampa, FL 33614-8390 | *Hill Ward Henderson P.A.<br>PO Box 2532<br>Tampa, FL 33601-2532 |

| | | |
|---|---|---|
| *Hyatt & Stubblefield, P.C.<br>Peachtree Center South Tower<br>225 Peachtree St. NE, Suite 1200<br>Atlanta, GA 30303-1729 | *John Deere Credit<br>PO Box 650215<br>Dallas, TX 75265-0215 | *Kubota Credit Corporation USA<br>PO Box 0559<br>Carol Stream, IL 60132-0559 |
| *LESCO, Inc.<br>24110 Network Place<br>Chicago, IL 60673-1241 | *Mitchem, Jerry D.<br>1645 Dad's Road<br>Baker, FL 32531-9327 | *Mobile Mini, Inc.<br>PO Box 79149<br>Phoenix, AZ 85062-9149 |
| *Okaloosa County Tax Collector<br>c/o Philip A. Bates, P.A.<br>P.O. Box 1390<br>Pensacola, FL 32591-1390 | *Powerplan<br>PO Box 650215<br>Dallas, TX 75265-0215 | *RPI Media, Inc.<br>265 Racine Dr.<br>Suite 201<br>Wilmington, NC 28403-8745 |
| *Regal Chemical Company<br>PO Box 403368<br>Atlanta, GA 30384-3368 | *Shutts & Bowen LLP<br>1500 Miami Center<br>201 S Biscayne Blvd.<br>Miami, FL 33131-4308 | *South Coast Golf Guide<br>PO Box 11278<br>Pensacola, FL 32524-1278 |
| *Taylor Made Golf Company, Inc.<br>PO Box 406043<br>Atlanta, GA 30384-6043 | *The Water Spigot, Inc.<br>5806 Highway 22<br>Panama City, FL 32404-6411 | *Trustmark National Bank<br>c/o Robert J. Powell, Esquire<br>Post Office Box 13010<br>Pensacola, FL 32591-3010 |
| *Trustmark National Bank<br>c/o William E. Bond, Jr., Esquire<br>Post Office Box 13010<br>Pensacola, FL  32591-3010 | *Williams Scotsman<br>PO Box 91975<br>Chicago, IL 60693-1975 | *Yamaha<br>USA Dept. CH14022<br>Palatine, IL 60055-0586 |
| 369 N. Main Street<br>Crestview, Florida 32536-3541 | Allied Waste Services #463<br>Gulf Coast Waste<br>PO Box 9001660<br>Louisville, KY 40290-1660 | Ashworth, Inc.<br>File 51141<br>Los Angeles, CA 90074-1141 |
| Atlas Pen & Pencil Corp.<br>PO Box 553673<br>Detroit, MI 48255-3673 | BB & T<br>1800 Second Street<br>Suite 100<br>Sarasota, FL 34236-5990 | Beard Equipment Co.<br>2480 E. I-65 Service Road North<br>North Mobile, AL 36617-1507 |
| Branch Banking and Trust Company<br>c/o Greenberg Traurig, Attn: Robert Sori<br>625 E. Twiggs Street, Suite 100<br>Tampa, FL 33602-3925 | Callaway Golf Company<br>PO Box 9002<br>Carlsbad, CA 92018-9002 | Contech Construction Products, Inc.<br>9025 Centre Pointe Drive<br>Suite 400<br>West Chester, OH 45069-9700 |
| Deere Credit,Inc<br>PO Box 6600<br>6400 NW 86th St<br>Johnston, IA 50131-3087 | Devant Sport Towels<br>PO Box 643722<br>Cincinnati, OH 45264-3722 | Dixie PGA Section<br>1300 Ballantrae Club Dr.<br>Pelham, AL 35124-6200 |

| | | |
|---|---|---|
| Fairpoint Communications - 642<br>PO Box 70994<br>Charlotte, NC 28272 | Golf Associates Scorecard Company<br>PO Box 6917<br>Asheville, NC 28816-6917 | Heritage Plantation Community<br>Development District<br>c/o Rizzetta and Company, Inc.<br>120 Richard Jackson Boulevard<br>Suite 220<br>Panama City Beach, FL 32407-2522 |
| Heritage Plantation Community Development Di<br>c/o Michael C. Eckert<br>Hopping Green & Sams, P.A.<br>119 S. Monroe Street, Suite 300<br>Tallahassee, Florida 32301-1591 | Heritage Plantation Homeowners' Associa<br>2901 Clint Moore Road<br>#407<br>Boca Raton, FL 33496-2041 | Hill Ward Henderson, P.A.<br>c/o Philip A. Bates, P.A.<br>25 West Cedar Street, Suite 550<br>Pensacola, FL 32502-5911 |
| Himes Signs, Inc.<br>PO Box 5324<br>Destin, FL 32540-5324 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Investax, LLC<br>6501 NE 2nd Ct.<br>Miami, FL 33138-6038 |
| John Deere Financial, f.s.b.,<br>f/k/a FPC Financial, f.s.b.<br>P.O. Box 6600<br>Johnston, IA 50131-6600 | Kimball Midwest<br>Dept. L-2780<br>Columbus, OH 43260-2780 | Luca 2, LLC<br>c/o Mark D. Hildreth, Esq.<br>Shumaker Loop & Kendrick, LLP<br>PO Box 49948<br>Sarasota, FL 34230-6948 |
| Marbas USA<br>162 B Kerns Ave.<br>Greenville, SC 29609-4372 | Military Media Inc.<br>417 Racetrack Road NW<br>Ste. E<br>Fort Walton Beach, FL 32547-4612 | Mowrey Elevator Co of Florida, Inc.<br>4518 Lafayette St.<br>Marianna, FL 32446-3418 |
| National Consulting Services, Inc.<br>HC1 Box 2362<br>Tannersville, PA 18372-9034 | Okaloosa County<br>Property Tax Collector<br>73 Eglin Parkway NE, Suite 201<br>Ft. Walton Beach, FL 32548-4939 | Okaloosa County Tax Collector<br>c/o Sarah S. Walton<br>Philip A. Bates, P.A<br>P.O. Box 1390<br>Pensacola, FL 32591-1390 |
| Page & Tuttle<br>5500 Feltl Road<br>Minnetonka, MN 55343-7920 | Philip A. Bates, P.A.<br>Post Office Box 1390<br>Pensacola, FL  32591-1390 | R&R Products, Inc.<br>3334 E Milber St.<br>Tucson, AZ 85714-2029 |
| Rental Inc.<br>127 Griffin Blvd.<br>Panama City Beach, FL 32413-5123 | Strange RSS, LLC<br>6749 Hwy. 183 S.<br>Ponce de Leon, FL 32455-3738 | Sumblin Farm<br>dba Mod Sod<br>PO Box 345<br>Kinston, AL 36453-0345 |
| T-Gill Fuels, Inc.<br>PO Box 890145<br>Charlotte, NC 28289-0145 | Trustmark National Bank<br>238 Scenic Gulf Drive<br>Miramar Beach, FL 32550-4941 | U.S. Bank N.A. as Indenture Trustee<br>c/o BURR & FORMAN LLP<br>Marc P. Solomon<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203-5210 |
| Yellow Book - Mid Atlantic<br>PO Box 347<br>Newark, NJ 07101 | Brian G. Rich<br>Berger Singerman LLP<br>125 S. Gadsden Street, Suite 300<br>Tallahassee, FL 32301-1589 | Lawrence Keefe<br>Keefe, Anchors & Gordon, P.A.<br>2113 Lewis Turner Blvd.<br>Suite 100<br>Fort Walton Beach, FL 32547-1379 |

```
Michael Howard Moody                              Stephen C Riggs III
Berger Singerman LLP                              434 Captains Circle
125 S. Gadsden Street                             Destin, FL 32541-5304
Tallahassee, FL 32301-1589
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
U.S. Securities & Exchange Commission             Internal Revenue Service
Branch of Reorganization                          P.O. Box 21126
3475 Lenox Rd., N.E. Suite 100                    Philadelphia, PA 19114
Atlanta, GA 30326-1323
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Pelican Real Estate & Development Company      (d)*Branch Banking and Trust Company     (d)*Trustmark National Bank
                                                  c/o Greenberg Traurig, P.A.              c/o Keith L.Bell, Jr., Esquire
                                                  Attn: Robert Soriano                     Post Office Box 13010
                                                  625 E. Twiggs St., Suite 100             Pensacola, FL  32591-3010
                                                  Tampa, FL 33602-3925


(d)Sportailor, Inc.                               End of Label Matrix
Attn: Terry Parilla                               Mailable recipients    91
6501 NE 2nd Court                                 Bypassed recipients     4
Miami, FL 33138-6093                              Total                  95
```

# **EXHIBIT "A"**

<u>SETTLEMENT AGREEMENT</u>

This SETTLEMENT AGREEMENT ("SETTLEMENT AGREEMENT") dated as of ~~March~~ April 9, 2013 ("Effective Date"), is by and between Auburn Water System, Inc., a Florida corporation, its administrators, agents, successors, and assigns, ("Auburn") with an address at 3097 Locke Lane, Crestview, Florida 32536 and Southeastern Consulting & Development Co., Inc. a Florida corporation, its administrators, agents, successors, and assigns, with an address at 6615 W. Boynton Beach Blvd., Suite 396, Boynton Beach, Florida 33437 ("Southeastern").

Southeastern is a Debtor in Possession having filed its petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code on May 17, 2011 (the "Chapter 11 Proceedings");

Southeastern owns all of the 125 Phase II lots of Heritage Plantation (the "Phase II Lots"), which Southeastern wishes to sell as part of its Plan of Reorganization (the "Plan");

Southeastern cannot sell the Phase II Lots without, among other things, potable water service ("Water Service");

Southeastern has constructed within the rights of way of Heritage Plantation the underground infrastructure to provide potable water service connections to the Phase II Lots, the cost of which shall be evidenced by an Engineer's Report acceptable to Auburn (the "Infrastructure");

Auburn desires to accept the Infrastructure from Southeastern ("Owners"), provided the following conditions are met:

(i) Southeastern has in place with Auburn a maintenance bond in the amount of twenty-five (25%) of the cost of the Infrastructure ("Maintenance Bond"), and

(ii) Southeastern has first corrected any and all deficiencies as identified by Auburn in a field survey of the infrastructure which field survey shall be completed within 21 days of the execution of this agreement. A written copy of the field survey report identifying all deficiencies, if any, will be provided to Southeastern upon completion.

(iii) Southeastern has conveyed to Auburn all right, title and interest to the Infrastructure (the "Asset Transfer").

Auburn and Southeastern desire to settle their mutual claims and hereby agree as follows:

RECITALS:

1. CONSIDERATION: The consideration for this Settlement Agreement and for the execution and delivery of all documents pursuant to it are the mutual promises contained in Paragraphs 2 of this Settlement Agreement.

2. AUBURN AND SOUTHEASTERN SPECIFICALLY AGREE AS FOLLOWS:

A. Upon the "Plan Effective Date" of the Plan, Southeastern shall execute:

(i) any and all such documents that are required by Auburn to complete the Asset Transfer (the "Conveyance Documents"), provided that the Conveyance Documents shall be held by Auburn's designee and Auburn shall not be required to accept the Asset Transfer until such time as the Maintenance Bond is in place; and

    (ii) a promissory note in an amount equal to the Maintenance Bond (the "Note"), subject to the following terms of the Note:

  (a) the "Note Amount" shall be the amount of the Maintenance Bond;

  (b) The Note shall be paid in equal installments without interest thereupon into the trust account of Southeastern's attorney over the ninety (90) days following the Plan Effective Date (the "Note Term");

  (c) at such time as the Note Amount is accumulated by Southeastern's Counsel on or before the end of the Note Term, the Note Amount shall be placed in a certificate of deposit in a financial institution of Southeastern's choice ("CD") and the CD shall be collateral for the Maintenance Bond; and

  (c) Southeastern may cancel the CD upon the cancellation and release of the Maintenance Bond, which cancellation and release shall be granted by Auburn only upon Southeastern's full compliance with Auburn's policies and procedures regarding Maintenance Bonds in effect at the time evidence of the Maintenance Bond is delivered to Auburn.

 B. Following the execution of this Settlement Agreement, Counsel for Southeastern shall file said Settlement Agreement with the U.S. Bankruptcy Court together with a Motion to Approve said Settlement Agreement upon negative notice.

 C. Auburn has had the benefit of counsel and fully understands the terms of this Settlement Agreement, the consideration offered by Southeastern in connection herewith and is settling its claim against Southeastern as set forth herein. However, this Agreement shall be limited to the conditional acceptance of the Infrastructure as detailed herein and shall not be construed as impacting any claim, cause of action or right which has not yet accrued or which is not otherwise explicitly contemplated herein.

 3. SUPPORT OF THE PLAN: Auburn agrees to support the Plan that contains the material terms of this Settlement Agreement.

 4. AUTHORITY: Auburn and Southeastern agree and acknowledge and each has the requisite authority to enter into this Settlement Agreement and Auburn and Southeastern are relying on said representation in entering into this Settlement Agreement.

 5. DEFINITIVE DOCUMENTS: While definitive documents and Court Approval may be required, Auburn and Southeastern agree that this Settlement Agreement shall be binding; subject to same and Auburn and Southeastern will use their best efforts to accomplish approval by the U.S. Bankruptcy Court.

 6. NON-CONFIDENTIALITY: Nothing in this Settlement Agreement is intended to, or shall be construed by either Auburn or Southeastern as an agreement to hold the terms hereof confidential it being expressly understood that this Settlement Agreement shall be filed with the U.S. Bankruptcy Court upon execution hereof.

**[SIGNATURES ON THE FOLLOWING PAGE]**

**Auburn:** Auburn Water System, Inc., a Florida corporation

*/s/ Donald Cadenhead*
Donald Cadenhead, President

**Southeastern:** For: Southeastern Consulting & Development Co., Inc., a Florida corporation, Debtor-in-Possession

*/s/ Louis S. Weltman*
Louis S. Weltman, President

April 10, 2013