UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

SOUTHEASTERN CONSULTING &           Case No. 11-40398-KKS
DEVELOPMENT COMPANY, INC.,           Chapter 11

      Debtor.
_____/

**U.S. BANK'S EMERGENCY MOTION FOR ENTRY OF ORDER DECLARING THE AUTOMATIC STAY TO BE INAPPLICABLE TO THE ACTION FILED BY U.S. BANK AGAINST THE HERITAGE PLANTATION COMMUNITY DEVELOPMENT DISTRICT AND ITS BOARD OF SUPERVISORS, AND REQUEST FOR HEARING**

U.S. Bank, N.A., as Indenture Trustee ("U.S. Bank" or the "Trustee"), by and through its undersigned counsel and in accordance with 11 U.S.C. § 362, hereby files this Emergency Motion for Entry of Order Declaring the Automatic Stay to be Inapplicable to the Action Filed by U.S. Bank Against the Heritage Plantation Community Development District and Its Board of Supervisors and Request for Hearing (the "Motion"), and in support thereof, respectfully states as follows:

## STATEMENT OF NEED FOR EMERGENCY HEARING

An emergency hearing is required prior to February 27, 2015, which is the state court hearing date on U.S. Bank's Motion to Appoint Receiver over the Heritage Plantation Community Development District (the "District"). U.S. Bank learned late in the day on February 13, 2015 that the Debtor filed a Motion to Intervene and a Suggestion of Bankruptcy in the state court proceedings in an apparent attempt to prevent the appointment of a receiver by alleging that such an appointment would violate the automatic stay that arose upon the filing of the above-captioned bankruptcy case. As explained in detail in the attached exhibits, the immediate appointment of a receiver is necessary to prevent further direct, immediate, and substantial harm

1

to U.S. Bank and other persons and entities resulting from the mismanagement of the District by its Board of Supervisors, including primarily, Louis Solomon Weltman, the principal of the Debtor.  To prevent any further delay or obfuscation by the Debtor or Mr. Weltman in preventing the appointment of a receiver over the District, U.S. Bank requests an emergency hearing, prior to the February 27, 2015 evidentiary hearing, for this Court to determine that the automatic stay does not prevent the appointment of a receiver over the District.  This Motion was prepared and filed shortly after the undersigned counsel became aware of the Debtor's filings in state court (which were not served on U.S. Bank, contrary to the certificates of service attached to the Motion to Intervene and Suggestion of Bankruptcy), and the request for an emergency hearing was not caused by any lack of due diligence on the part of U.S. Bank or its counsel.  Counsel for U.S. Bank conferred with counsel for the Debtor in an effort to resolve this Motion without the need for a hearing, but was unable to reach a resolution before the filing of this Motion.

## INTRODUCTION

1.      Southeastern Consulting & Development Company, Inc. (the "Debtor") filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 17, 2011 (the "SCDC Case").

2.      The principal of the Debtor is Louis Solomon Weltman ("Weltman"), and Weltman filed his own individual bankruptcy case under chapter 11 of the Bankruptcy Code on April 22, 2015 (the "Weltman Case ").

3.      U.S. Bank is a creditor and party-in-interest in both the SCDC Case and in the Weltman Case.  U.S. Bank is a national banking association duly organized and existing under the National Banking Act, and is the Trustee under the Trust Indenture by and between the

Heritage Plantation Community Development District and the Trustee, dated as of November 1, 2005, as amended and supplemented (the "Indenture").

4. The District is a local unit of special-purpose government established by Ordinance No. 05-50 adopted by the Board of County Commissioners of Okaloosa County, Florida on May 31, 2005 and was established for the purpose of financing and managing the acquisition, construction, maintenance and operation of infrastructure necessary for community development in the District.

5. The District is governed by the Board of Supervisors (the "Board"), who exercise all powers of the District under chapter 190 of the Florida Statutes. The Board is responsible for allocating and levying special assessments, and exercising control over facilities and properties within the District. Weltman is the Chair of the Board of Supervisors for the District.

6. On June 20, 2014, U.S Bank filed a motion for relief from the automatic stay in the Weltman Case (Weltman Case, Doc. No. 33) seeking stay relief for the purpose of commencing any and all legal and equitable actions against Weltman in his fiduciary capacity as Chairman of the Board (but expressly not seeking stay relief to file an action for personal liability). This Court held a hearing on July 23, 2014 at which the parties informed the Court they had reached an agreement and on August 11, 2014 entered its Agreed Order Granting U.S. Bank N.A.'s Motion for Relief From the Automatic Stay (Weltman Case, Doc. No. 103) (the "Agreed Order") permitting U.S. Bank to file an action against Weltman (and against the District and the other members of the Board) for equitable relief, but only if Weltman and U.S. Bank first engaged in settlement discussions and either party subsequently declared an impasse.

## THE STATE COURT ACTION

7. U.S. Bank and Weltman engaged in settlement discussions as evidenced, in part, by the emails attached hereto as **Exhibit A**. In addition, after the parties were unable to reach a settlement, U.S. Bank declared an impasse as evidenced by the email attached hereto as **Exhibit B**. Thereafter, on January 8, 2015, U.S. Bank initiated an action (the "State Court Action") in the Circuit Court of the First Judicial Circuit in and for Okaloosa County, Florida (the "State Court") and filed its Complaint for Breach of Fiduciary Duty and Contract, for Appointment of Receiver, for Declaratory and Injunctive Relief, and Petition for Writ of Mandamus (the "Complaint") and its Motion for Appointment of Receiver and Incorporated Memorandum of Law (the "Receiver Motion"). A true and correct copy of the Receiver Motion is attached hereto as **Exhibit C**. In the Complaint and the Receiver Motion, U.S. Bank seeks, *inter alia*, the appointment of a receiver over the District due to, among other things, the Board's failure to comply with their statutory and fiduciary duties. On January 13, 2015, U.S. Bank filed its First Amended Complaint for Breach of Fiduciary Duty and Contract, for Appointment of Receiver, for Declaratory and Injunctive Relief, and Petition for Writ of Mandamus (the "Amended Complaint"), a true and correct copy of which is attached hereto as **Exhibit D**. The Receiver Motion is scheduled for hearing on February 27, 2015.

8. The defendants to the State Court Action include several non-debtors, among them, the District and the members of the Board other than Weltman (collectively, the "Non-Debtor Defendants" and together with Weltman, the "Defendants"). All of the Defendants were served with a Summons, a copy of the Amended Complaint, the Receiver Motion and the Notice of Hearing the Receiver Motion between January 20, 2015 and January 22, 2015.

9. On or about February 5, 2015, the Debtor filed a Suggestion of Bankruptcy and a Motion to Intervene in the State Court Action, which are attached hereto as **Exhibit E** and **Exhibit F**, respectively. Although both the Suggestion of Bankruptcy and the Motion to Intervene indicate they were served electronically on counsel for U.S. Bank on February 5, 2015, the undersigned counsel has no record of receiving these papers on that date. In fact, it was not until a phone conversation between the undersigned and counsel for the Debtor that took place on February 13, 2015, that counsel for the Debtor confirmed he filed the above referenced papers and sent copies via email to counsel for U.S. Bank.

10. In the Motion to Intervene, the Debtor claims it is an appropriate party to the State Court Action and that it should be permitted to intervene therein. In addition, the Debtor argues to the State Court that the filing of the State Court Action constitutes a violation of the Agreed Order and a violation of Section 362 of the Bankruptcy Code. The Debtor has not filed any paper or pleading in this Court making these same allegations or seeking to enforce the automatic stay.

11. Significantly, Weltman made some of the same arguments that SCDC makes in the Motion to Intervene in his Emergency Motion to Enforce the Automatic Stay (Weltman Case, Doc. No. 172) (the "Weltman Stay Motion") which he filed on February 4, 2015 in the Weltman Case. More specifically, Weltman and the Debtor argue that U.S. Bank violated the Agreed Order because there were no settlement discussions and an impasse was never declared.[1] On the contrary, and as clearly and unequivocally demonstrated in the Response of U.S. Bank,

---

[1] In the Weltman Stay Motion, Weltman states "There have been no settlement discussions since the issuance of the Agreed Order, and none have been requested by U.S. Bank in response to the Debtor's offer, which led to the Agreed Order; moreover, no impasse has been declared." (Weltman Case, Doc. No. 172, ¶6). Similarly, in the Motion to Intervene, SCDC states "Undersigned has been advised that there have been no settlement discussions since the issuance of the Stay relief Order and, accordingly, no party has, or is even in a position to, declare an impasse." (Exhibit F, ¶11).

N.A. in Opposition to Emergency Motion to Enforce the Automatic Stay (Weltman Case, Doc. No. 181), filed by U.S. Bank on February 6, 2015, not only is there evidence of settlement discussions, but there is also evidence of U.S. Bank's declaration of an impasse.  This is undisputed.  Notably, on February 6, 2015 and a short time prior to U.S. Bank's filing of its opposition to the Weltman Stay Motion, Weltman filed his Notice of Withdrawal of Docket Entry # 172 [the Weltman Stay Motion] (Weltman Case, Doc. No. 178).  The Motion to Intervene filed by the Debtor in the State Court is still pending.

12. The Debtor also argues in the Motion to Intervene, in pertinent part, as follows:

> 13. As set forth in the Complaint, the Indenture Trustee seeks the appointment of a receiver over the District, and not just to ensure the preservation of the assets that represent the collateral of the Indenture Trustee.  This would result in the Plaintiff exercising control over property of SCDC and is likely a violation of the automatic stay.
>
> 14. This stay violation is far from technical or accidental.
>
> 15. The filing of the Complaint is an "end run" around applicable law as it relates to SCDC and the SCDC Chapter 11 Case, and is also contrary to the facts of what has actually transpired…

13. Nowhere in the Motion to Intervene does the Debtor explain how the relief sought by U.S Bank would be a violation of the automatic stay other than to say that the appointment of a receiver would result in U.S. Bank exercising control over the Debtor's proprty.  Quite simply, it is not a stay violation.

### RELIEF REQUESTED

14. U.S. Bank seeks an emergency hearing in this court prior to the hearing on its Receiver Motion scheduled for February 27, 2015 so that there is no confusion in the State Court as to whether the Receiver Motion may be heard at that time.  In addition, U.S. Bank seeks entry

of an order declaring (i) that the automatic stay of Section 362 of the Bankruptcy Code as it relates to SCDC, does not apply to the State Court Action, and (ii) that the relief being sought by U.S. Bank in the State Court Action does not a violate the automatic stay.  In the alternative, U.S. bank requests that this Court grant it stay relief, for cause, to seek the appointment of a receiver over the District.

## ANALYSIS

15. Section 362(a)(3) of the Bankruptcy Code provides that there is a stay of "any act … to exercise control over property of the estate" and it is presumably this provision of the Bankruptcy Code that the Debtor claims U.S. Bank is violating.

16. Interestingly, and for reasons unclear to U.S. Bank, the Debtor has chosen to make its arguments in a motion to intervene filed in the State Court as opposed to making them in this court.  U.S. Bank brings this issue before this Court on an emergency basis so as to obtain a ruling from this Court on a fundamental bankruptcy issue as it should be this Court, and not the State Court, who decides whether U.S. Bank is correct in its position that it is not violating the automatic stay and that it may proceed in its pursuit of a receiver over the District.

17. In the Receiver Motion, U.S. Bank is asking the State Court to appoint a receiver over the District and to enable the Receiver to manage and operate the District in accordance with Chapter 190, Florida Statutes.  A receiver is needed to ensure that the District and the members of its Board comply with the Indenture and with Florida law.  As detailed in the Receiver Motion, the current Board, under the leadership of Weltman, has not been complying with its fiduciary and statutory obligations and instead, has been acting in the interests of Weltman and the SCDC.

22886463 v1

18.     As set forth above, the District is a local unit of special-purpose government and was established for the purpose of financing and managing the acquisition, construction, maintenance and operation of infrastructure necessary for community development in the District.  If appointed, the receiver would not take ownership or possession of the Debtor's property but would only be managing and operating the District to ensure it performs as required by law.  If the receiver wanted to take control over the Debtor's property, it would have to obtain stay relief from this Court to do so.  In fact, the Board's failure to seek stay relief for many years and its inability to obtain stay relief is an example of the Board's deficiencies and part of the cause for the appointment of a receiver.  In actuality, the receiver would be exercising no more or less control over property of the estate than the District already controls and is permitted to control under applicable Florida law.  This is not a violation of the stay.

19.     The Debtor fails to articulate how operating and managing the District constitutes a stay violation. Instead its Motion to Intervene is vague, confusing and misleading.

20.     The interests of the Debtor are protected and the appointment of a receiver would not cause any harm to the Debtor.

WHEREFORE, U.S. Bank, as indenture trustee, respectfully requests that this Court (i) grant it an emergency hearing prior to February 27, 2015; (ii) that it enter an order providing that the automatic stay does not apply to the State Court Action and that U.S. Bank is not in violation of the stay; and (iii) granting it such other and further relief as is appropriate.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Motion was served on February 18, 2015 by electronic mail on all parties receiving notice through the Court's CM/ECF system.

Respectfully submitted,

BURR & FORMAN LLP

*/s/ Jonathan M. Sykes*
Eric S. Golden, Esq.
Florida Bar No. 0146846
Email: egolden@burr.com
Secondary Email: jmorgan@burr.com
Jonathan M. Sykes, Esq.
Florida Bar No. 0073176
Email: jsykes@burr.com
Secondary Email: jmorgan@burr.com
200 South Orange Avenue, Suite 800
Orlando, Florida 32802
Telephone: (407)
Facsimile: (407)540-6601

AND

*/s/ Marc Solomon*
Marc Solomon, Esquire
Alabama Bar. No. ASB 7382-M56S
Email: msolomon@burr.com
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Phone: (205) 251-3000
Fax: (205) 458-5100

ATTORNEYS FOR U.S. BANK, N.A.